[Crim. No. 12464. Second Dist., Div. One. Mar. 16, 1967.]

THE PEOPLE, Plaintiff and Respondent, v. EDWARD HERMAN MUELA, Defendant and Appellant.

Ronald F. Jans, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, and Raymond M. Momboisse, Deputy Attorney General, for Plaintiff and Respondent.

FOURT, J.—This is an appeal from a judgment of conviction of burglary in the second degree.

In an information filed in Los Angeles County on February 3, 1966, defendant was charged with burglarizing Millie's Cafe on January 7, 1966, and that on or about September 17, 1958, defendant had been convicted of the crime of burglary, a felony, in Los Angeles County and further had been convicted in Los Angeles County on July 30, 1962, of a felony and had served a term therefor in a state prison. Defendant admitted the charged prior convictions and pleaded not guilty. In a jury trial he was found guilty as charged (Pen Code, § 459) and it further was found to be burglary in the second degree. Defendant was sentenced to the state prison. A timely notice of appeal was filed.

A résumé of some of the facts is as follows: On January 7, 1966, Mrs. Laurita, the owner of "Millie's Cafe" on Santa Monica Boulevard, arrived at the place of business at about 8 a.m. and found that the glass of the front door had been broken out. She entered the cafe and saw what appeared to be bloodstains around the place. She saw also that a metal plate over the coin bag was missing. Cigarette packages which were offered for sale in the place were scattered over the bar and some appeared to be bloodstained. Some cigarette packages were missing entirely. Also missing was a "Bank of America" coin bag containing about $15 in coins which Mrs. Laurita had left in a roaster in the kitchen. No one had been given permission to enter the cafe the evening before.

At about 9:40 a.m. of January 7, 1966, Officer Smith, of the Los Angeles Police Department, and a fellow officer were called to an address on North Ardmore Street by a police radio call. Upon arriving at that address they were told by the manager of the apartment house at the location that she had called them since on the evening of January 6, 1966, she had witnessed a fight between one of her tenants and a cab driver; that when she went to the rear of the building on the morning of January 7th, she saw what appeared to be blood spots and she was concerned over the health and safety of her tenant. The officers saw what appeared to be numerous blood spots on the ground and on the door. After knocking on the front and rear doors and receiving no response, the officers had the manager unlock the rear door and accompany them into the apartment to check on the occupant's health. The rear door opened into the kitchen of the apartment and there the officers saw some beer and whiskey bottles on the floor,

some more bloodstains, and on the kitchen sink a considerable amount of loose change and about 10 packs of unopened cigarettes. The coins and the cigarette packages had brown stains on them.

They went to the bedroom of defendant and found him in bed. Defendant stated he had been cut but was all right. The officers then started to leave and on the way out they picked up the two canvas bags in the sink and noticed that one was marked "Wurlitzer" and the other "Bank of America." At this time the officers were not advised of the burglary of the cafe on Santa Monica Boulevard.

At about 12:45 p.m. of that day Officer Smith and his fellow officer got a call to go to the cafe and there saw the broken glass and blood spots about the cafe and saw that the juke box had been pried open and that the coin bag was missing. They were told that a "Bank of America" bag with coins was missing. The officers then went to defendant's apartment, which was less than two blocks from the cafe, entered the apartment through the rear door, and saw that the kitchen had been cleaned up. The defendant was arrested. Officer Smith asked defendant if a search could be conducted and defendant consented. In the bottom drawer of a dresser, under some clothing, Smith found a large quantity of coins which appeared to have blood on them. The change amounted to about $15. Smith's officer-associate searched the trash cans outside the apartment and found the two canvas bags which the officers had seen in the kitchen earlier in the day. The packs of cigarettes which were in the sink at the first visit were found in the trash can. Mrs. Laurita identified the canvas bags as those taken from her cafe.

On January 10, 1966, Officer Brown of the Los Angeles Police Department talked with defendant with reference to the burglary. At the start of the talk defendant was told that he had a right to remain silent, had a right to an attorney, and that anything he said could be used against him in criminal proceedings. Defendant then freely and voluntarily told Brown that he had committed the burglary in question and admitted to breaking through the glass door. He admitted that he had taken the money from the juke box after using a screw driver to pry open the box and that he had taken the money from the kitchen as well as several packs of cigarettes.

Appellant now asserts that he was not advised of his rights to appointed counsel and under *Miranda* v. *Arizona,* 384 U.S. 436 [16 L.Ed.2d 694, 86 S.Ct. 1602, 10 A.L.R.3d 974], is entitled to a reversal.

■ The *Miranda* case has no application to the case at hand. It is conceded that appellant was not told of his right to appointed counsel as required by *Miranda*. However, *Miranda* by *Johnson* v. *New Jersey*, 384 U.S. 719 [16 L.Ed.2d 882, 86 S.Ct. 1772], became effective for cases in which the trial commenced after June 13, 1966 (the day of the *Miranda* decision).

The trial of appellant in this case started on March 29, 1966, and the jury returned its verdict on March 31, 1966. This was after *People* v. *Dorado*, 62 Cal.2d 338 [42 Cal.Rptr. 169, 398 P.2d 361] and *Escobedo* v. *Illinois*, 378 U.S. 478 [12 L.Ed.2d 977, 84 S.Ct. 1758], but prior to *Miranda*.

The *Johnson* test of finality is, in effect, presently the rule in California. (See *People* v. *Rollins*, 65 Cal.2d 681 [56 Cal.Rptr. 293, 423 P.2d 221].)

The judgment is affirmed.

Wood, P. J., and Lillie, J., concurred.